NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 15, 2013[*]
Decided April 15, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3054

| | |
|---|---|
| JESSE C. PHILLIPS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| *v.* | No. 11-877-GPM |
| WEXFORD HEALTH SOURCES, INC., et al., | G. Patrick Murphy, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Jesse Phillips, an inmate at the Lawrence Correctional Center in Illinois, appeals from the dismissal of his civil-rights suit at screening. *See* 28 U.S.C. § 1915A. He principally contends that he received medication without warning of possible adverse effects. Taking his factual allegations as true for purposes of this appeal, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), we conclude that he does not state a constitutional claim because he has not

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

alleged that the unwarned risks were substantial. Accordingly we affirm the judgment of the district court.

Phillips sought and received prompt treatment for an ear infection. Dr. James Fenoglio, the prison's medical director, prescribed an antibiotic, Bactrim, but he allegedly did not verbally caution Phillips about the potential risks of the drug. Likewise, the medication's packaging contained no written warnings. An email from the Health Care Unit Administrator, Philip Martin, explains that the Office of Health Services does not give prisoners written lists of the potential side effects to their medication because "they will grieve every side effect and try to bring suits." Martin also asserts that offenders receive verbal warnings from staff and usually research their medications on their own in the library.

One week after Phillips began taking Bactrim, he saw a nurse practitioner because he was experiencing fatigue (he needed two more hours of sleep), decreased urination (only three times daily), and stomach cramps on his right side—symptoms that he believed resulted from Bactrim. Although the nurse treated him, Phillips submitted a grievance complaining that the prison failed to warn him about the possibility that he might experience these side effects. The grievance officer, Pamela Moran, denied the grievance. Based on the asserted practice that when issuing medication the medical staff verbally warn inmates about potential side effects, she concluded that Phillips received verbal warnings.

Invoking 42 U.S.C. § 1983 Phillips sued Dr. Fenoglio, his employer (Wexford Health Services), Moran, Martin, the acting director of the Illinois Department of Corrections, and his prison warden. He alleges three claims. First, Phillips contends that the defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, by failing to disclose that his medication might cause any of thirty-two side effects that he cites in his complaint, including the three that he experienced. Second, Phillips alleges that Moran retaliated against him for exercising his First Amendment right to grieve injuries because she falsely stated in her response to his grievance that he received verbal warnings. Third, he alleges that by agreeing to withhold written warnings of side effects, the defendants conspired to deny him property without due process and access to the courts by deterring lawsuits and the recovery of damages for claims of deliberate indifference or malpractice.

The district court dismissed the complaint for failure to state a claim. It first concluded that Phillips failed to allege adequately an Eighth Amendment claim because he acknowledges in his complaint that he was treated for his adverse reaction to Bactrim. Moreover, "his desire for greater pharmacological information is not a serious medical need or a medical condition at all." Next, the court reasoned that Phillips did not state a plausible

First Amendment claim because his allegation that Moran denied his grievance in retaliation for submitting it is circular. Finally, the court concluded that Phillips did not state a claim for being denied access to the courts because Phillips did not allege a nonfrivolous underlying claim that he was blocked from pursuing and he did not have a protected property interest in recovering damages in a suit that he never filed.

On appeal we review these three claims de novo. *McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir. 2010). We begin with his Eighth Amendment claim. Phillips asserts that because he suffered from an ear infection, he has alleged a serious medical condition and therefore states a claim for deliberate indifference. But he agrees that he received prompt treatment for his ear infection—the Bactrim antibiotic. Consequently he cannot claim that the defendants were deliberately indifferent to the infection. *See Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).

His related, and more substantial, contention is that the defendants were deliberately indifferent to his serious medical needs because they failed to warn him about possible side effects to Bactrim, and as a result he suffered three of them: fatigue, decreased urination, and stomach cramps. Some circuits have held that "[p]risoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment" *White v. Napolean,* 897 F.2d 103, 113 (3d Cir. 1990); *see also Pabon v. Wright*, 459 F.3d 241, 250 (2d Cir. 2006) (same). But "a doctor should not be required to provide each prisoner-patient with an exhaustive list of all the possible adverse effects of each aspect of his treatment. Instead, a doctor simply must provide a prisoner with such information as a reasonable patient would find necessary." *Pabon*, 459 F.3d at 250. Otherwise, "after receiving appropriate treatment that proved to have unpleasant side effects, a prisoner might claim that he had not received sufficient information to allow him to decide whether to refuse that treatment." *Id.* Although we have not had occasion to comment on this precise standard, we have adopted a general rule that is consistent with these circuits: The Eighth Amendment protects inmates from deliberate indifference to *substantial* risks of serious damage to their health. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Roe v. Elyea*, 631 F.3d 843, 858 (7th Cir. 2012); *Board v. Farnham,* 394 F.3d 469, 479 (7th Cir. 2005).

Under these principles, viewed through the lens of the plausibility standard set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556–57, 570 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009), the complaint is deficient. Phillips alleged only that without warning he experienced side effects—three among thirty-two possible ones that he listed in his complaint. But he has not alleged that the risks of developing them were substantial, or substantial enough that a reasonable patient would expect to be apprised of them. Even if we assume that fatigue, decreased urination, and cramps are serious conditions, Phillips

needed to allege "that the defendants knew of a *substantial risk* of [those] harm[s] to the inmate and disregarded the risk." *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005) (emphasis added); *see Gomez v. Randle,* 680 F.3d 859, 865–66 (7th Cir. 2012); *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011); *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002). Without an allegation that the risks of these side effects were significant, let alone that the defendants knew them to be significant, his deliberate-indifference claim fails.

Next, Phillips renews his claim of retaliation under the First Amendment. He contends that Moran, the grievance officer, retaliated against him for filing his grievance by denying it for the false reason, reflected in Martin's email to her, that Phillips received verbal warnings. But even if Martin lied to Moran by falsely stating to her that Phillips received verbal advice of his medication's risks, Moran simply relied on information that she obtained during her investigation of the grievance. We do not hold grievance officers liable for doing their job of investigating and resolving grievances. *See Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir. 2009).

Finally, Phillips maintains that the prison's policy of denying prisoners written warnings of side effects denies him access to the courts to pursue a claim for deliberate indifference under § 1983 or for negligence under state law. To state an access-to-courts claim, Phillips must allege a nonfrivolous, underlying claim that the defendants obstructed him from pursuing. *See Christopher v. Harbury,* 536 U.S. 403, 415 (2002). But he has not identified a claim that he cannot pursue because of the alleged no-warning policy. Phillips similarly contends that the defendants' policy deprives him property—recovering damages in future lawsuits—without due process. But again because Phillips has not specified a legal claim that the defendants have extinguished, they have not deprived him of property. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 431 (1982) (holding that a property interest requires "more than an abstract desire or interest in redressing" grievances).

Accordingly, we AFFIRM the judgment of the district court.